## SEARS *v.* CONOVER.

December, 1866.

Affirming 34 *Barb.* 330.

A contract to plant a certain area of land, and sell all the crop raised, is assignable by the buyer, without assent of the seller.

If the seller in such a contract, sells the crop to a third person, and avows to the other party having done so, and refuses to perform, before the time fixed for performance, this is a breach without further demand.*

---

* Compare Rouse *v.* Lewis, p. 121 of this vol.

On a motion for a new trial on the ground of excessive damages, the court may refuse to set aside the verdict, if plaintiff will consent to deduct the amount deemed excessive.

John R. Sears sued Joseph Conover in the supreme court for breach of an executory contract made with Stephen B. Conover, and by him assigned to plaintiff.

In March, 1857, the defendant and Stephen B. Conover entered into mutual written contracts, whereby the defendant agreed to sell and deliver to S. B. Conover, all the peach-blow potatoes that he, the defendant, should raise the coming season, in good merchantable order, delivered on the boat at twelve shillings per barrel, and he agreed to plant ten acres or more. In consideration thereof, Conover agreed to take such crops.

It appeared that, in the latter part of September of that year, S. B. Conover called on the defendant to see about the potatoes, when the defendant said he had sold the potatoes for more money than he (S. B. Conover) had agreed to give, and he (S. B. Conover) could not have them. S. B. Conover then assigned the contract to the plaintiff, and delivered the same to him. This was about October 1, 1857. On October 5, S. B. Conover prepared a notice to the defendant, setting forth that he had assigned the contract with the defendant to the plaintiff, and requested the defendant to deliver the crop to the plaintiff, agreeably to the terms of the contract. The plaintiff, underneath such notice and copy of said contract, under the same date, also gave notice to the defendant that he had purchased the said contract from Stephen B. Conover, and requesting a delivery of the potatoes on the boat according to the terms of the contract, and informing the defendant that the money for the potatoes would be ready for him, upon delivery, at the price named in the contract. When these notices were shown to the defendant and read to him by Stephen B. Conover, he said, " I told you, when you were here before, that you could not have the potatoes, that I had sold them, and I tell you so again; I do not know John R. Sears, and have made no contract with him."

The defendant moved for a nonsuit, or dismissal of complaint, because: 1. No valid assignment to the plaintiff of the

contract named in the complaint had been proved. 2. Plaintiff had not proved any right of action. 3. He had not performed the conditions precedent as the purchaser of the potatoes or assignee of the contract. 4. There had been no assignment since the alleged breach, and until a breach of the contract there could be no transfer of the right of action.

The court refused to dismiss the complaint; and rebutting testimony was then offered on the part of defendant; after which the judge charged the jury, that plaintiff had proved that he was the assignee of the contract, and that it was a valid contract of bargain and sale. The jury returned a verdict for plaintiff for five hundred dollars.

*The supreme court,* at general term, on appeal affirmed the judgment, on condition that the plaintiff deduct two hundred dollars from the amount of the verdict, because it appeared that defendant's crop was only one hundred and fifty bushels. This he did, and judgment was entered accordingly. The grounds of the affirmance were substantially the same as those assigned in this court.

*G. Dean,* for defendant, appellant,—Insisted that a refusal to perform before harvest was nugatory. That the contract was one in which the parties relied on the responsibility of each other, and therefore was not assignable; and that as the recovery was not for a claim of items, but a gross sum, the court could not reduce the verdict. *Code,* § 330; Chouteau *v.* Suydam, 21 *N. Y.* 185; Boyd *v.* Foot, 5 *Bosw.* 111.

*T. D. Pelton,* for plaintiff, respondent;—Cited 2 *Pars. Contr.* 188, note; McNish *v.* Coon, 13 *Wend.* 26; Coonley *v.* Anderson, 1 *Hill,* 524; *Chitty on Contr.* 732, 96; 2 *Greenl. Ev.* § 238; Mott *v.* Mott, 11 *Barb.* 127; 2 *Story Eq. Jur.* § 1040, b; Demarest *v.* Willard, 8 *Cow.* 206; Ferris *v.* Easterman, 3 *Metc.* 121; Franchot *v.* Leach, 5 *Cow.* 506.

BY THE COURT.—DAVIES, Ch. J. [After stating the facts.] —The motion to dismiss the complaint was properly denied.

The contract was assignable, and was duly assigned.   On the assumption that there had been a breach of the contract, before the assignment, Stephen B. Conover had a right of action for the damages which he had sustained,· and undeniably that right of action was assignable.

The defendant was guilty of a breach of his contract when he sold the potatoes called for by the contract, and his avowal that he did not intend to deliver the potatoes under it, was the best evidence of a breach of it.   This evidence was uncontradicted at the time this motion was made, and must. be assumed to be true.

The avowal of the defendant that he could not, and would not, fulfill the contract on his part, rendered wholly useless any demand on the part of the plaintiff, or offer on his part to fulfill the contract.   But such demand and offer were made in the paper shown and read to the defendant, under date of October 5.   Upon the proof, this plaintiff was clearly entitled to recover the damages sustained for a breach of this contract.

The jury fixed the amount of the damages at five hundred dollars, and it was competent for the general term of the supreme court, if, in its judgment, such damages were excessive, to order a new trial, or, in its discretion, to affirm, in case the plaintiff should remit the amount adjudged excessive.   The Code confers powers, upon an appeal from a judgment or order, on the appellate court, to reverse, affirm or modify the judgment or order appealed from.   § 330.   It has long been the settled practice of the court, on a motion for a new trial, to refuse to set aside the verdict, if the parties would consent to deduct any amount deemed excessive.   3 *Grah. & Wat. on New Trials*, 1162, and cases there cited.

Such a proceeding was recognized and approved by this court in Chouteau *v.* Suydam, 21 *N. Y.* 179.   In that case, the general term affirmed a judgment in favor of the plaintiffs, conditionally, upon their consenting to certain modifications, reducing the amount of the judgment, which they did, and one of the defendants then appealed to this court.   This court· affirmed the judgment, with costs, of the appeal to this court.

No good reason is suggested why we should disturb the

judgment in this action; and the judgment appealed from should, therefore, be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs, and ten per cent. damages, penalty.