Faber *v.* Faber.

[BROOME GENERAL TERM, May 28, 1867. *Mason, Balcom* and *Boardman,* Justices.]

------◆------

JOHN LOTHER FABER *vs.* JOHN H. FABER and J. S. FRANKENTHAL.

A manufacturer has a right to put or stamp his own name on the articles manufactured by him, and on the bands, wrappers or covers, in which they are put up; and any injury which another manufacturer, of the same surname, may suffer thereby, must be viewed as an injury without a remedy.

A manufacturer of lead pencils has no right to the exclusive use of a particular colored paper, or kind of paper, for covering or inclosing his pencils, by the gross in a book form, or any other particular form.

MOTION to continue an injunction. The action was brought by John Lother Faber, the manufacturer of the article known as the "A. W. Faber" lead pencil, against

John H. Faber, and his agent in this country, J. S. Frankenthal, for an injunction, and damages for violation of the trade mark claimed by the plaintiff.

The plaintiff resides and carries on the manufacture of pencils at Stein, and the defendant J. H. Faber, at Schweinaw ; both of which places are near Nuremberg, Germany. At and near Nuremberg are many other similar manufacturers of lead pencils.

For the defense, it was contended that the plaintiff had no trade mark in the name "Faber ; " and that the method and style in which the pencils were manufactured and put up, the kind of wrappers, labels, &c. used, were not peculiar to the plaintiff, but were such as were generally employed by the manufacturers at Nuremberg.

*George DeForest Lord,* for the motion.

*C. A. Runker,* opposed.

SUTHERLAND, J. It is unfortunate for the plaintiff that he and the defendant J. H. Faber, are both manufacturers of lead pencils, at and near the same place in Germany, and that both have the same name, Faber ; for it is easy to see that this circumstance may have been, and may be, an injury to the plaintiff ; but the defendant, Faber, has a right to put or stamp his own name in gold, gilt or other letters, on his pencils, and on the bands, wrappers or covers in which they are put up, as described in the complaint. And any injury which the plaintiff has suffered, or may suffer, by such use of the defendant Faber's name merely, must be viewed as an injury without a remedy.

The plaintiff certainly cannot claim the exclusive right to manufacture lead pencils for the American market, or the exclusive right to make them round, and to cover or polish them with black varnish, or stamp gilt or gold numerals upon them, to designate certain qualities.

It is plain to me that the plaintiff has no right to complain of the form or finish of the defendant J. H. Faber's pencils, or of any mark or stamp upon them, viewed singly, and out of their market bands or enclosures. There is nothing but the name of the maker stamped upon the pencils, viewed singly, calculated to deceive the purchaser of a single pencil, or of any number less than a dozen ; and the maker had the right to put his own name on his own pencils.

Nor can I see upon what ground the plaintiff can complain of the manner in which the defendant Faber's pencils are put up for the wholesale market. The plaintiff certainly has no right to the exclusive use of a particular colored paper, or kind of paper, for covering or inclosing his pencils by the gross in a book form, or any other particular form. The defendant Faber has the right to put his name on the paper envelopes or wrappers of his gross packages ; and considering how conspicuous his name is on these envelopes or wrappers, I cannot see how any wholesale purchaser, knowing that the plaintiff Faber, and the defendant Faber, both manufactured pencils, would be likely to be deceived by the gross envelopes or wrappers, and purchase the defendant's pencils by the gross for the plaintiff's ; especially as it appears from the defendant Frankenthal's answer and affidavit that all the manufacturers of lead pencils at Nuremberg, to the number of twenty or more, put up their pencils by the dozen and by the gross in substantially the same manner, using substantially the same color and kind of paper for the bands and for the outside gross envelopes or wrappers, with substantially the same devices, numerals and words, (with the exception of maker's name,) stamped or imprinted on them. As to the bands or wrappers of black glazed paper in which the dozen and the ten dozen are inclosed or wrapped, before the gross are put up in the book form ; considering the explanations of the answer, and affidavit of the defendant Frankenthal, as to the universal use by pencil manufacturers of the words "Crayons Polygrades" and "Pour

Dessiri, Architecture Bureau," &c., &c. on such bands or wrappers, I cannot see how the plaintiff can complain of their use by the defendant Faber. Besides, these words, and the gilt parallelogram and ornamental work, device, or design surrounding them, and the maker's name, cannot deceive or mislead any purchasers by the dozen packages or bundles, and I can hardly think, considering the conspicuous manner in which the maker's name is put in gold or gilt letters on these bands, that they are likely to deceive any such pur-chasers who know that there are two " Fabers " who manufacture pencils.

I would remark, too, that it would have been better for the plaintiff to have resorted to the courts of his own country to protect his rights, whatever they may be.

Upon the whole, I am of the opinion that the motion to continue the temporary injunction should be denied, and that the temporary injunction which was granted should be dismissed, with $10 costs to the defendant Frankenthal, to abide the event of the action.

[New York Special Term, June 3, 1867. *Sutherland*, Justice.]