SOUTHERN EXPRESS CO. ET AL. *v.* PETER FITZNER.

LIBEL.  *Corporation.  Agent.*
>  An express carrying corporation is not liable for damages occasioned by a libellous letter written by its local agent at a town to a consignor, who wrote referring his consignee's letter of complaint to the company's higher officials, in whose possession the agent saw the letters.

APPEAL from the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

A can of tea shipped from New Orleans, Louisiana, to the appellee at Brookhaven, Mississippi, was broken, and he refused it and wrote to the consignor, who sent his letter with a complaint to the head officer of the express company at New Orleans. The officer forwarded the inquiry and letters to the route agent, who referred them to his subordinate, the agent at Brookhaven. This agent reported to the company that the can was broken when received by him, and thus the matter rested; but his son, E. B. Perkins, who performed his duties, seeing the letters, without consulting any one, wrote as " acting agent " to the consignor, stating that " this fellow Fitzner " had no idea when he wrote the letter, intimating that the tea was opened in this office, that " it would be referred here for an explanation," or he would have been far from doing so, that he is engaged in a small business here, in principle is a small man, will do anything dirty, and is endeavoring to beat you out of tea. The letter concluded : " His idea was to beat you out of another can or simply to get something for nothing. As I said before he is a dirty, low-lifed whelp, and seeks to put me on an equality with him ; as, if he had a chance, he would do anything that was dirty. I send you a three cent stamp, and want you to send this letter to him and advise me on card." The consignor used the stamp as instructed, and the appellee obtained judgment for five hundred dollars against the " acting agent " and his company.

*Sessions & Cassedy*, for the appellants.

1. The express company is not responsible for the conduct of its agents' sons. While a corporation aggregate may be

liable for a libel, if published by its authority or ratified, the authorization or ratification must be proved. Odgers on Libel and Slander, 359. Nothing in this case tends to connect the company with the libellous letter or the writer. His effort to increase his importance by signing himself " acting agent " could not affect the corporation, which did not employ him. 'The fact that his father engaged him about the company's business is unavailing, for a principal is not accountable for the conduct of every person whom his agent may choose to hire.

2. If the writer were an agent of the express company, however, the corporation would not be liable. From its nature, a corporation can neither slander nor compose a libel, but it may publish the latter, and may ratify its agent's act. Townshend on Libel and Slander, § 265. Non-intervention, merely standing by, is not enough, but the company must, with a knowledge of the act and an intention to ratify it, do something to that end. Odgers on Libel and Slander, 360. Publishing libels is not one of the ordinary duties of an express agent, and in order to bind the company, the plaintiff must prove an authorization, for it is not liable for its agents' wilful torts. *Harding* v. *Greening*, 1 Moore, 477 ; *Illinois Central Railroad Co.* v. *Downey*, 18 Ill. 259 ; *Isaacs* v. *Third Avenue Railroad Co.*, 47 N. Y. 122; *Carter* v. *The Howe Machine Co.*, 51 Md. 290. Neither authority to publish this letter nor ratification of its publication is shown.

4. Even the writer of the letter has the right to a reversal. No publication took place in this State, except that by the plaintiff, and the courts of Louisiana alone have jurisdiction of the offence committed in that State. Story Confl. Law, § 307. Exemplary damages should not have been awarded against him, for malice is not shown. He was vindicating himself. No actual damage was sustained by the plaintiff. Odgers on Libel and Slander, 291. The amount of the verdict is so disproportionate to the harm done, that it shows a grave mistake into which the jury were led by their feelings and the errors of the court at the trial.

*A. C. McNair*, on the same side.

This letter was not written by an agent of the company. But if the writer were an agent, the corporation is not liable,

because it was beyond the scope of his duties, and if it had been within the scope of his employment to write a letter, he transcended his duty when he wrote a letter like this. The acts of an agent for which a corporation can be held liable, must not only be within the scope of the supposed authority of the *particular agent*, committing the act complained of, but the act done by the agent must be done in the performance of business coming within the purview of the objects and purposes for which the corporation was created and the powers conferred by its charter. *Gillett* v. *Missouri Valley Railroad Co.*, 55 Mo. 315 ; *Mali* v. *Lord*, 39 N. Y. 381 ; *Carter* v. *Howe Machine Co.*, 51 Md. 290.

*R. H. Thompson*, for the appellee.

1. A corporation can be held in a civil action for libel published by its agents, whenever the publication comes within the scope of their general duties. *Philadelphia Railroad Co.* v. *Quigley*, 21 How. 202 ; *Copley* v. *Grover & Baker Sewing Machine Co.*, 2 Woods, 494 ; *Williams* v. *Planters' Ins. Co.*, 57 Miss. 759 ; Townshend on Slander and Libel, § 265 ; Odgers on Libel and Slander, 368. Whether the writer was an agent of the company, and whether writing such a letter was within the scope of his duties, are questions of fact settled by the verdict, which is supported by evidence and will not be disturbed. The son performed his father's duties as agent with the acquiescence of the company which cannot now repudiate him. The letter was on express business.

2. The verdict is sustained and apparent errors explained by the fact that no claim was set up by the defendants that the letter was a privileged communication. Malice, therefore, was not required to be proved, for the document is *per se* libellous, and no actual damage had to be shown. *Hubbard* v. *Rutledge*, 52 Miss. 581 ; Townshend on Libel and Slander, 150 ; 2 Starkie on Slander, 66. The law of libel in general is one thing ; the law of libel, where the defence is that the publication was privileged, is a very different thing. In the first case *malice* is a matter of law, and no actual damages need be shown ; in the other, malice in fact must be proved and actual damages shown. Bigelow on Torts, 52 ; 1 Starkie on Slander, 221 ; *Bromage* v. *Prosser*, 4 B. & C. 247 ; Buller's

Nisi Prius, 8 ; Townshend on Slander and Libel, § 87 ; *Jarnigan* v. *Fleming*, 43 Miss. 710.   A publication in Louisiana is the same as· one in Mississippi.   The laws of the two States on the subject are the same.   *Daly* v. *Van Benthuysen*, 3 La. Ann. 69.   Sending the letter from here was a publication here.   The place of publication is of no consequence.   *Commonwealth* v. *Blanding*, 15 Am. Dec. 214, 224, note.

COOPER, J., delivered the opinion of the court.

The verdict as against the appellant, E. B. Perkins, is correct, and there is no error of law appearing in the record of which he can complain.

Conceding that E. B. Perkins was the agent of the express company at Brookhaven, at the time when the libellous letter was written by him, and taking the testimony as to his duty and authority to act for the company in its most favorable phase for the appellee, no facts were shown, from which the jury could infer express or implied authority on his part to act for the company in the business.   So far as is shown by the testimony, he had no authority from the company to write any communications, except in those cases in which application was made by the patrons of the company to the office at Brookhaven for information touching the business at that office, but there was no duty resting upon him to reply to letters addressed to his superior officers or to agents at other places ; in so doing he was a mere volunteer, though he professed to write for and in the name of the company.   The facts show that no application was made by the tea company to Perkins at Brookhaven, for information touching the matter complained of by Fitzner. If inquiry had thus been made, it would have been within the scope of his authority to reply, and for a libel contained in a reply so made, it might well have been argued that the company would have been liable, because it would have been published by Perkins in the performance of a duty enjoined upon him by his principal, or which he had authority to perform.   An act done at the office where the business of the company is conducted, and in its name, and by its servants professing to act for it, does not necessarily bind the corporation.   The foundation of its liability must arise from the fact that it conferred

authority upon the person to do the act, and while all these circumstances would be valuable as evidence of the delegation of power, and in some cases would be conclusive of it, at last the inquiry is narrowed to the question, whether or not the act done was the act of the corporation performed by its agent. Applying this test to the facts of this case, it is apparent that no liability is fixed on the corporation; for the libellous letter was written, not in the performance of any duty which he was required or permitted to perform. It was his own independent wrong, committed in the performance of no duty or service for the company, and he alone is liable for its consequences.

*Affirmed as to Perkins and as to the Express Company reversed.*