## N. Y. COMMON PLEAS.

MINNIE CUMMINGS, respondent, agt. LOUIS HAUSEN, appellant.

*Damages — In suit for breach of contract, up to what time damages may be recovered.*

In a suit for damages for breach of contract, where the contract has not been terminated by afflux of time, damages may be recovered up to the time of the trial of the action.

*General Term, May,* 1882.

*Before* VAN BRUNT *and* VAN HOESEN, *JJ.*

*Samuel Jones,* for appellant.

*Christopher Fine* and *Aaron Kahn,* for respondent.

VAN BRUNT, *J.*— This action was brought to recover damages for the breach of a contract claimed to have been made

by the defendant with the plaintiff for the rental of certain premises, with board, for the period of seven months commencing on the 1st of October, 1881, at the weekly rent of forty-five dollars, including board. The defendant occupied the premises up to the fifteenth day of October, and paid therefor up to that time, and then moved from said premises and refused to pay anything further.

The action was commenced on the twenty-first day of October, and was tried on the twenty-sixth day of November, and a recovery was had for $187; and from the judgment thereupon entered this appeal is taken.

It appeared upon the trial that thirty-five dollars of this price was for rent, and ten dollars for board, and the justice, in granting judgment, seems to have allowed for seven weeks' rent, less forty-eight dollars, received as rent for part of the rooms after they were vacted by the defendant.

The main question involved in this case is as to the rule of damages. The case of *Taylor* agt. *Bradley* (39 *N. Y.*, 129) contains *dicta* which supports the claim made by the defendant, that the contract not having been terminated by afflux of time damages could only be recovered up to the time of the commencement of the action; but the reasoning applies as well to damages which are claimed prior to the commencement of the action as to those which are claimed up to the time of the trial — the basis of the *dicta* being that the defendant cannot be deprived of his reclamation or abatement for earnings which may be subsequently received from other sources, because, until the termination of the contract, it cannot be determined but that the plaintiff may not in the future have employment which will be even more remunerative than that which he was to receive from the defendant.

It is established by numerous authorities that for a breach of a contract of this description the party may commence his action at once for damages, without waiting until the termination of the contract; and it has been held that in case an action was commenced prior to the termination of the con-

tract, where the contract at the time of the trial was terminated, that the party could recover all the damages which he had sustained by reason of the violation of the contract.

In the case of employment, an action will not lie for wages unless proof of performance or continuous readiness to perform is established, but in an action for damages such evidence is not necessary — all that is necessary to establish such an action is a breach of the contract of employment upon the part of the defendant. If a party has the right, in case he brought his action prior to the termination of the contract by afflux of time, to recover his damages up to the time of the commencement of the action, there is no reason why he should not be allowed to recover his damages up to the time of trial in the same manner as he would be allowed to do if the action was commenced before the termination of the contract by afflux of time and the trial took place subsequent thereto.

The objection stated in the case of *Taylor* agt. *Bradley* is equally against the recovery of damages up to the time of the commencement of the action as it is against the right to recover damages up to the time of the trial.

Although this question does not seem to have been directly decided by any authority which I have been able to find in this state or to which my attention has been directed, I am of the opinion that the tendency of the decisions is to allow the recovery of damages in all cases up to the time of trial irrespective of the time of the commencment of the action.

The case of *Hochster* agt. *De La Tour* (2 *E. L. & B.*, 691), seems to expressly sanction the latter view.

In any event, however, the judgment seems to have been too large. The amount of the recovery should have been for six weeks' rent at thirty-five dollars a week — $210, less forty-eight dollars, the amount received — making a balance of $162. The judgment should therefore be reduced to the sum of $179.50, and affirmed for that amount without costs to either party as against the other.

VAN HOESEN, J., concurs.