## BULL *v.* ROTHSCHILD.

*(Supreme Court, General Term, First Department.  March 29, 1889.)*

LANDLORD AND TENANT—ACTION FOR RENT—SUPPLEMENTAL COMPLAINT.

Under Code Civil Proc. N. Y. § 544, providing for supplemental pleadings alleging material facts occurring after the former pleading, or of which the pleader was ignorant when it was made, and declaring that the supplemental pleading may be either in addition to or in place of the former pleading, a supplemental complaint in an action for rent cannot be filed to set up installments of rent accruing after the action was commenced.

Appeal from special term, New York county.

Action by Richard H. Bull against Maier Rothschild for rent. A motion for leave to file a supplemental complaint was denied, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Charles C. Bull,* for appellant.    *W. F. Severance,* for respondent.

VAN BRUNT, P. J. This action was brought upon a lease whereby the defendant hired of the plaintiff, for the period from the 6th of April, 1887, to the 1st of February, 1888, certain premises in the city of New York, at the yearly rental of $4,500, payable monthly on the 1st of each month. The complaint alleged that the defendant had not paid the rent of said premises which fell due on the 1st of October, 1887, and the 1st of November, 1887, and demanded judgment for the amount so due. Subsequent to the commencement of this action other defaults were made in the payment of rent, and the plaintiff moved to be allowed to serve a supplemental complaint, alleging these further defaults. This motion was denied, and from the order thereupon entered this appeal is taken. The provisions of the Code under which such an application may be made are as follows: "Sec. 544. Upon the application of either party, the court may, and in a proper case must, upon such terms as are just, permit him to make a supplemental complaint, answer, or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. * * * The party may apply for leave to make a supplemental pleading, either in addition to or in place of the former pleading." It is claimed that under these provisions the plaintiff had the right to bring in by supplemental complaint these two causes of action which accrued subsequent to the commencement of the action in question, and our attention is called to two cases as authority for this proposition, namely, *Latham* v. *Richards,* 15 Hun, 129, and *Cummings* v. *Hausen,* 63 How. Pr. 351. Upon an examination of those cases, however, they in no way sustain the interpretation put upon the section in question by the plaintiff. In the case of *Latham* v. *Richards* the cause of action was precisely the same all the time, and the only addition made by the supplemental complaint was the bringing in of other parties who had acquired an interest in the subject-matter of the litigation subsequent to the commencement of the action. In the case at bar new causes of action are sought to be set up. The subject-matter is different, viz., rent which had accrued under the contract subsequent to the commencement of the action. In the case of *Cummings* v. *Hausen* all that was decided was that in actions to recover damages for the breach of a contract a party may recover all the damages which he could prove he had sustained upon the trial of the action. In the case at bar the action is not for "damages" for the breach of a contract, as such term was used prior to the Code, but only to recover money which has fallen due according to the terms of a contract. The only breach of the contract is the failure to pay according to its terms, and to discharge the installments of rent as they fell due. This is the ordinary action to recover money due upon a contract. It seems to us that upon no theory whatever can causes of action subsequently accruing be tacked on to causes of action which are independent, and existed prior to the commencement of the action. The order should be affirmed, with $10 costs and disbursements.