(4 Misc. Rep. 433.)

### DONOVAN v. SHERIDAN et al.

(Superior Court of New York City, General Term. July 3, 1893.)

1. SHIPPING—CHARTER OF VESSEL—IMPLIED WARRANTY.
    Where a boat drawing seven feet of water is chartered by plaintiff to defendant to run to a certain point on a river, and defendants state to plaintiff that the channel of the river is more than ten feet deep, when in fact it was not more than six feet deep, the doctrine of implied warranty of fitness does not apply.
2. BREACH OF CONTRACT—WHEN ACTION MAY BE BROUGHT.
    An action for breach of a contract will lie at once, on a positive refusal to perform, though the time specified for performance has not arrived.

Appeal from jury term.

Action by Patrick Donovan against Thomas Sheridan and James Byrne. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

Arnold, Greene & Patterson, for appellants.

Leavitt & Keith, for respondent.

McADAM, J. The action was brought upon an agreement whereby the plaintiff chartered to the defendants the passenger steam

tug Annie & Maggie for 150 days at $20 a day. The tug was de-livered to and accepted by the defendants. The answer was a gen-eral denial, nothing more; and, the jury having found that the con-tract was made unconditionally as alleged, their determination ought seemingly to end the controversy. But the defendants insist upon several matters of defense not specially pleaded:

1. That when the owner of a vessel charters her or offers her for freight he is bound to see that she is seaworthy, and suitable for the service in which she is to be employed. Work v. Leathers, 97 U. S. 379; The Director, 34 Fed. Rep. 57; McAdams v. Leverich, 35 Fed. Rep. 305; Abb. Shipp. (Edition of 1892,) p. 389. There was no evidence given or offered that the boat was unseaworthy, or unfit for the purpose intended. There was proof that the vessel drew seven feet of water, and that the channel to Ellis island, where the boat was intended to ply, furnished only five or six feet; but the plaintiff testified that the defendants told him that there was over ten feet of water in the channel, and that was "according to their contract with him." The plaintiff also testified that he told the de-fendants how much water the boat required, so that the trial judge was right when he told the jury that the doctrine as to implied war-ranty of fitness was true as an abstract proposition of law, but did not apply to the case if they found the facts to be as stated by the plaintiff; and the jury did find the facts to be as testified to by him.

2. That the action was commenced before the 150 days mentioned in the charter expired, and was therefore not maintainable. No such point was made at the trial, and is not enforceable now. But, apart from this, the law is settled that an action for breach of con-tract will lie at once upon a positive refusal to perform, although the time specified for performance has not arrived, (Burtis v. Thomp-son, 42 N. Y. 246; Freer v. Denton, 61 N. Y., at page 496; Howard v. Daly, Id. 362; Gray v. Green, 9 Hun, 334; Wetmore v. Jaffray, Id. 140,) and the damages recoverable may continue down to the time of trial, if the contract extends beyond that, (Bruell v. Colell, 1 City Ct. R. 308; Cummings v. Hausen, 63 How. Pr. 351.) The recovery of damages resulting from one and the same cause of action must be assessed and recovered once for all, and should be for the differ-ence between the sum the plaintiff should have received under the contract and that which he has or it is shown might have received elsewhere. The contract expired long before the cause was tried, and at a time when the damages had become fixed and unalterable, and the trial judge carefully limited them to indemnity for the actual loss. No objection was made to the form of the action or of the complaint, and none can be raised for the first time now.

3. That the boat belonged to the plaintiff's daughter, and the ac-tion should have been brought in her name. This objection is an-swered by the fact that the contract was made by the plaintiff, who had authority from the daughter to make any contract he pleased concerning the boat, and she to have none of the earnings. The daughter testified to these facts, and thereby estopped herself from

making any claim upon the defendants, so that the plaintiff was more than the trustee of an express trust. Code, § 449. Indeed, he became the only person interested in the recovery, and qualified to maintain the action. We have carefully examined the record in all its parts, and fail to discover any force in any of the exceptions urged against the recovery. The verdict is satisfactorily sustained by the evidence, and the judgment and order appealed from must be affirmed, with costs.