(20 Misc. Rep. 90.)

## EICHNER v. BOWERY BANK OF NEW YORK.

(Supreme Court, Appellate Term. April 26, 1897.)

1. ACTION AGAINST BANK—FAILURE TO PAY CHECK—PLEADING.

   A complaint against a bank by a depositor for refusing to pay his check must allege that the check was indorsed by the payee when presented for payment, and an averment that the check was presented for payment in the usual course of business is not sufficient.

2. SAME—ALLEGING EXCUSE.

   The necessity of alleging that the check was indorsed when presented for payment is dispensed with by an allegation that defendant bank refused to pay the check, on the ground that it was not indebted to the drawer.

Appeal from city court of New York, general term.

Action by Nathan Eichner against the Bowery Bank of New York. From an affirmance of a judgment sustaining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action (44 N. Y. Supp. 332), plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Arthur Furber and Moses Goodman, for appellant.

Abram Kling, for respondent.

DALY, P. J.   The complaint fails to allege that the check was indorsed by the payees, and, as it was payable to their order, this was necessary before the bank could be required to pay it.   Rowley v. Bank (Sup.) 18 N. Y. Supp. 545; Lynch v. Bank, 107 N. Y. 179, 13 N. E. 775.   There is an averment that the check was presented for payment in the usual course of business, but this is not equivalent to an allegation of indorsement.   It would be in the usual course of business if presented to the proper officer in the usual manner, and the allegation does not necessarily embrace more.   So that averment does not help the pleading.   The complaint does, however, contain allegations which seem to render it unnecessary to allege indorsement, viz. that after the bank had refused to pay the check when presented, stating it was "no good," the payees, at plaintiff's request, again presented it, informing the bank that it must have made a mistake, but the bank persisted in its refusal to pay the check, and insisted that the same was no good, and that they were not indebted to the plaintiff in any such sum.   It is manifest that the refusal to pay the check, based upon the ground that the bank was not indebted to the plaintiff in any such amount, made it unnecessary to go through the idle formality of indorsing the check, if it had not been indorsed before.   The refusal was placed upon a specific ground, and it would be useless to do anything which would not and could not obviate the specific objection.   The refusal of the bank was a repudiation of its obligation under its contract with the depositor, and was equivalent to a declaration that no check for the amount for which plaintiff's check was drawn, or a greater amount, would be honored.   This was a breach of the contract, and entitled the plaintiff to sue without further demand.   The rule is:

"If, before the time for performance of a contract has arrived, one party announces to another that he does not intend to perform his promise, the latter

may treat the contract as broken, and bring an action immediately against the former for the breach. It is not necessary that he should postpone his suit until the time for performance has arrived." 3 Am. & Eng. Enc. Law, 904.

This rule is applicable to every class of contract, and that between a bank and its depositor is no exception.   It applies to contracts of insurance, and the payment or tender of premiums by an insured is excused where the insurer announces that it will not perform its contract (Shaw v. Insurance Co., 69 N. Y. 286, citing Franchot v. Leach, 5 Cow. 506; Traver v. Halsted, 23 Wend. 66); with respect to contracts of sale, "The avowal of the defendant that he could not and would not fulfill the contract on his part rendered wholly useless any demand on the part of the plaintiff, or offer on his part to fulfill the contract" (Sears v. Conover, 4 Abb. Dec. 179); to a charter party, "The law is settled that an action for a breach of contract will lie at once upon the refusal to perform, although the time specified for performance has not arrived" (Donovan v. Sheridan, 4 Misc. Rep. 433, 24 N. Y. Supp. 116); and to a contract for board, it being held that where a boarder, under contract to board for a certain time, refuses to remain, the boarding-house keeper is not obliged to tender performance, but may recover the profits she would have made had he remained (Crane v. Powell [Com. Pl.] 19 N. Y. Supp. 220, affirmed 139 N. Y. 379, 34 N. E. 911). The rule is applied to a contract of marriage, where the defendant, before the time fixed for the fulfillment of his promise, renounces the contract, and declares that he will not perform it (Burtis v. Thompson, 42 N. Y. 246); and to a contract for personal services, where, before the day fixed for the commencement of the services, the employer does an act inconsistent with the continuance of the contract.   In such a case an action may be immediately brought by the other party, and, of course, without averring performance, or readiness to perform, on his part.   "The party renouncing the engagement cannot complain if the opposite party takes him at his word, and treats him as having broken the contract."   Howard v. Daly, 61 N. Y. 362.   In this case the contract of the defendant, the bank, was to pay on demand, either by presentation of a check or otherwise; and a notification, to any party who might rightfully make the demand, that the bank was not indebted to the drawer, dispensed with the formality of presentation of a check, or indorsement by the payee of a check then presented, as essential to an action by the depositor.

Judgment reversed and demurrer overruled, with costs in the city court and in this court.   All concur.