(20 App. Div. 118.)

## KARWOWSKI v. PITASS.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. WITNESSES—CROSS-EXAMINATION.
    Where plaintiff has been extensively cross-examined, the judge may refuse a further cross-examination of him several days thereafter.

2. LIBEL.—PUNITIVE DAMAGES.
    A libel recklessly published will support an award of punitive damages.

Appeal from trial term.

Action by Appolinary Karwowski against John Pitass for libel. From a judgment for plaintiff for $3,500, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

John W. Fisher, for appellant.
E. G. Mansfield, for respondent.

HARDIN, P. J. Defendant was the owner of a newspaper in the city of Buffalo, in which were published the several articles mentioned in the plaintiff's complaint. At the close of the plaintiff's evidence the defendant moved for a nonsuit, and at the close of the whole evidence the defendant again moved for a nonsuit, and on each oc-

casion took an exception. The learned trial judge carefully defined libel, and he stated to the jury that the publication of the articles was not denied, and that it was conceded that the various articles that were read to the jury were published by the defendant; and he added:

"It is not claimed by the defendant that they were true; that is to say, he does not plead the truthfulness of them in justification of the articles. But he does plead that these various things that we have listened to here occurred prior to the publication of the articles, and that, being annoyed, and thinking that it was for the interests of the people over whom he had jurisdiction to attack the plaintiff, he published these articles. That the articles are libelous —that is to say, that they tend to disgrace and degrade and lessen the esteem of the plaintiff among the people with whom he is acquainted—you will perhaps not have any very serious difficulty on that question. There is some dispute as to the correct translation of these articles, and I have had the reporter give me the testimony of the witnesses in translating the articles."

The judge then proceeded to read the translation made in behalf of the plaintiff and the translation made in behalf of the defendant, and he then instructed the jury, viz.:

"One question is whether this article is of such a character that it tends to disgrace, to degrade, and to bring the plaintiff into disrepute among those who knew him. If so, it is libelous."

He then adverted to the fact that there were other articles that had been read, and added:

"You will probably not have any very serious difficulty in coming to the conclusion that these articles, under the definition of libel as I have given it to you, were libelous."

He then submitted the other questions of fact to the jury in a cool, careful, deliberate charge. Reviewing it in the light of the recent enunciation of the court of appeals in Smith v. Matthews, 152 N. Y. 157, 46 N. E. 164, we think the trial judge committed no error in the body of the charge or in the refusals to the requests that were made, or qualifications given in answer thereto. He seems to have been very patient and indulgent during the progress of a long and tedious trial. We have looked at the several exceptions to which our attention was invited by the learned counsel for the appellant, and are of the opinion that they do not present prejudicial error. After the plaintiff had been examined as a witness, he was cross-examined quite extensively by the defendant. Apparently, several days thereafter, the defendant proposed to recall the plaintiff for further cross-examination, and indicated to the judge the several subjects upon which he sought to further cross-examine him. We think the trial judge did not abuse his discretion in declining, at that stage, to allow a more extended cross-examination upon the subjects indicated by the counsel for the defendant. Without discussing all the legal questions which are raised by the appellant, we think the trial was carefully conducted, and that no such error occurred as requires us to interfere with the verdict of the jury.

It is suggested in behalf of the defendant that the damages are excessive. "A libel recklessly or carelessly published, as well as one induced by personal ill will, will support an award of punitive damages." Warner v. Publishing Co., 132 N. Y. 185, 30 N. E. 393; Holmes

v. Jones, 147 N. Y. 59, 41 N. E. 409. In the late case of Smith v. Matthews, 152 N. Y. 157, 46 N. E. 164, it was said, viz.:

"The amount of damages in an action for libel is peculiarly within the province of the jury. The jury may give nominal damages, or damages to a greater or less amount, as they 'shall determine. The jury may accord damages which are clearly compensatory, or damages beyond mere compensation, called 'punitive damages,' or vindictive damages by way of example or punishment, when, in their judgment, the defendant was incited by actual malice, or acted wantonly or carelessly, in making the defamatory charge."

Upon a review of the whole case, we are of the opinion that we ought not to disturb the verdict. Warner v. Publishing Co., 132 N. Y. 181, 30 N. E. 393.

Judgment and order affirmed, with costs. All concur.