(21 Misc. Rep. 632.)

AUTEN v. JACOBUS.

(Supreme Court, Appellate Term.   November 24, 1897.)

1. REAL-ESTATE BROKER—COMMISSIONS.
    Where one who has employed a broker to procure a sale to him of certain premises at a specified price refuses absolutely to complete the transaction, he cannot, at the trial of the broker's action for commissions, set up a defect in the title, which, if expressed at the time, might have been obviated.

2. BEST AND SECONDARY EVIDENCE.
    In order to render competent secondary evidence of the contents of a letter written to, and personally in the possession of, a third person, it is incumbent upon the party who offers it to show that the production of the original could not be compelled by resort to a subpœna duces tecum.

3. SAME.
    At the trial of an action, testimony by defendant as to the contents of a certain letter written by himself to a third party, was objected to and excluded. On appeal defendant sought to excuse his failure to explain the nonproduction of the original letter, on the ground that it was an essential part of the plaintiff's case, and so to be looked for in his hands at the trial. *Held* that, as plaintiff had in fact proved every element of his cause of action without resorting to the letter, the excuse was untenable.

Appeal from city court of New York, general term.

Action by Abraham R. Auten against Edmund Y. Jacobus. From the judgment of the general term (46 N. Y. Supp. 681) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles Blandy, for appellant.
William R. Bronk, for respondent.

BISCHOFF, J.   The plaintiff sued for commissions earned by him under an agreement with the defendant, whereby the latter promised to pay him the sum of $240 should he procure the sale of certain premises for $24,000, the defendant desiring to purchase at that figure.   It is not disputed that the plaintiff was thus employed by the defendant, and the further facts in support of the verdict, as shown by sufficient evidence to require the submission of the case to the jury, are as follows:   Upon receipt of the defendant's proposal, the plaintiff called upon one Cook, the owner of the property, and communicated the offer thus made, but Cook stated that his price was $25,000.   This statement was repeated by the plaintiff to defendant, who said, "Well, he will probably come round to it" (meaning the offer of $24,000).   On the day following it appears that Cook accepted this offer, since he executed a contract of sale of the premises at the price named by defendant, and handed the paper to the plaintiff in order that the defendant's signature might be affixed; but, when the contract was presented to him, the defendant expressed his desire (this for the first time) that a mortgage of $15,000 should be obtained, and declined to sign the agreement as framed.   The plaintiff replied that he thought the matter could be arranged, and Cook, when told of this requirement, expressed himself favorably towards it.   Defendant then said to

plaintiff: "It all hinges on this: If you can get me $18,000 on mortgages for five years at 5 per cent., I will sign the contract to-morrow morning." On the next morning the plaintiff and Cook called upon defendant, and stated that an acceptance of such a mortgage as was requested by him had been secured, but the defendant then refused to execute the contract, upon the ground that the state of his wife's health rendered housekeeping inexpedient, and the matter was not thereafter concluded. It appears that the defendant had made an arrangement with Cook whereby the consideration for the sale was to be increased by $240, and Cook was to pay the plaintiff's commissions in the first instance, and be subsequently reimbursed should the title to the property be found satisfactory, the adjustment being in apparent recognition of the fact that the defendant was chargeable for the amount of the commissions; but the jury were fully authorized to find from the evidence that the plaintiff was no party to any agreement whereby Cook was substituted for the defendant in the matter, and, even if it be assumed that the plaintiff had undertaken to secure a contract differing from that which he was originally employed to obtain, the difference, so far as he was concerned, involved only the procuring of a loan of $18,-000, which the evidence shows he did procure. There was ample room for a finding by the jury that the plaintiff's further efforts with regard to this additional requirement (after he had fully performed his part of the contract under which he was employed) were only with a view to an amicable conclusion of the matter, and not in recognition of any alteration of the defendant's liability to him. Thus, for the defendant's final refusal to take title, the plaintiff's rights under the original employment could be maintained (see Lackawanna Mills v. Weil [Sup.; Oct. 22, 1897] 47 N. Y. Supp. 585), and the case was properly submitted to the jury in this aspect.

The contention that the plaintiff should have been nonsuited because of a variance between the agreement as pleaded and that proven, was, for this reason, among others, without force. That the final refusal of the defendant to complete the transaction was unjustifiable, certainly need be supported by no argument. His one reason, as stated, had to do merely with his personal disinclination to occupy any dwelling house at the time, and any further efforts by the plaintiff were, of course, uncalled for.

It is now claimed that Cook's title was not shown to be satisfactory when the property was offered, and that no written acceptance of the loan of $18,000 was produced at that time; but these objections were not in any way made the basis of the defendant's refusal to conclude the contract of sale, and, had they been, they might well have been obviated. An attempt to obviate them would have been but an idle ceremony, in view of the refusal by the defendant to complete the matter in any event, and the objections are untenable now. Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790; Eichner v. Bank, 20 Misc. Rep. 90, 45 N. Y. Supp. 68. There was, therefore, upon the whole case, ample evidence of the defendant's unexcused refusal to complete the purchase of the property which the plaintiff had been employed to secure, after the latter had per-

formed the agreed services, so far as he was allowed to perform, and accordingly the recovery is well supported. Duclos v. Cunningham, supra; Sibbald v. Iron Co., 83 N. Y. 378.

Exception was taken to the court's refusal to charge at defendant's request "that the insertion of $240 in the agreement as a part of the consideration, as admitted by Mr. Cook and the plaintiff, is conclusive evidence that the original contract by which Mr. Jacobus was to pay the brokerage was changed, and the burden, as to the payment of the brokerage, became shifted upon Mr. Cook"; but this, if charged, would have taken from the jury the whole question as to whether the plaintiff had acceded to the arrangement made between defendant and Cook, and, as had been said, this was a question of fact which could well be resolved in favor of the plaintiff. The instruction, if given as requested, would have involved manifest error.

The remaining point to be considered has to do with the propriety of the exclusion of defendant's testimony to the contents of a letter sent by him to Cook relating to his refusal to enter into the contract of sale, the evidence having been excluded upon objection to its competency and materiality. This ruling appears to have been perfectly proper, since the testimony was certainly not the best evidence, and the failure of the defendant to explain the nonproduction of the letter was not excused upon the ground now taken that the paper itself was an essential part of the plaintiff's case, and so to be looked for in the plaintiff's hands at the trial. That the letter was not indispensable to the plaintiff's proof is clear, both from the nature of the document, as described, and from the fact that every element of the cause of action was proven without any requirement of its production. This letter was not in the hands of the plaintiff, but was presumably in the possession of Cook, to whom it was written; and, to render secondary evidence of its contents competent, it was incumbent upon the defendant to show that the production of the paper could not be compelled by resort to a subpoena duces tecum. Berg v. Carroll (Com. Pl.) 16 N. Y. Supp. 175. This foundation was not laid, and the exclusion of the evidence offered was proper. Nor was the matter affected by the fact that Cook had been led to give some testimony as to the contents of the letter when cross-examined by defendant's counsel. The testimony thus elicited was brought out at the defendant's own risk, and no basis was afforded for its contradiction by evidence the competency of which was well open to attack when offered as a part of the defendant's case in chief.

The judgment should be affirmed, with costs. All concur.