(22 Misc. Rep. 668.)

## DAVEY v. DAVEY.

(Supreme Court, Trial Term, New York County. March 8, 1898.)

1. LIBEL—IMPUGNING BUSINESS METHODS.

A publication by one brother concerning the business methods of another, "that an unscrupulous grocer of the same name, in the immediate vicinity or neighborhood, advertises 'Davey's teas and coffees,' with a view to deceive the public, and may sell an inferior article," was libelous per se.

2. SAME—ACTUAL MALICE.

Where a libelous publication was made in pursuance of previous threats, it indicated actual malice.

3. SAME—DAMAGES.

The damages, in an action for libel, must be proportionate to the injury done.

Action by Michael Davey against Andrew Davey to recover damages for a libel published by defendant defaming plaintiff's business methods. There was a verdict for plaintiff, and defendant moves for a new trial. Ordered conditionally.

John T. Fenlon, for plaintiff.
Joseph J. Green, for defendant.

McADAM, J. The law has always been considerate of the reputation of tradesmen (Newell, Defam. [2d Ed.] 192; Harman v. Delany, 2 Strange, 898), and when one publishes of a tradesman or merchant any matter in relation to his calling which, if true, would render him unworthy of patronage, one is liable to an action, it being evident that the tendency of such a publication is to bring the subject thereof into disrepute and cause him injury (Brown v. Smith, 13 C. B. 596). Such publications are actionable without proof of special damage. Brown v. Smith, supra. The imputation imports damage, and if none is proved the jury may award substantial damages. The gist of the action is malice; yet the malice requisite is simply that implied by the law from the facts which give the right of action. Hartman v. Association (Com. Pl.) 19 N. Y. Supp. 398; Lewis v. Chapman, 16 N. Y. 372; Hamilton v. Eno, 81 N. Y. 116; Byam v. Collins, 111 N. Y. 143, 19 N. E. 75.

The litigants are brothers. The defendant carried on the grocery and tea business at No. 2295 First avenue, and the plaintiff thereafter opened a similar business at No. 2331 First avenue. The defendant threatened that, if the plaintiff opened a rival establishment near the defendant's store, he would break up the business of the plaintiff; and after the latter opened the store the defendant caused to be printed and distributed broadcast 5,000 circulars, in which, after eulogistically describing the superiority of his wares and the advantage the public would derive by patronizing him, he said, of and concerning the plaintiff and his business methods, "that an unscrupulous grocer of the same name in the immediate vicinity or neighborhood advertises 'Davey's teas and coffees' with a view to deceive the public, and may sell an inferior article." The words, though cunningly devised and put together, taken in their plain and popular sense, that in which the readers were sure to understand them (Roberts v. Camden, 9 East, 96), bear the

construction that the plaintiff was an unprincipled grocer (Cent. Dict.); that he was dishonest in his business, for he advertised Davey's teas and coffees with a view to deceive the public; and that he sold inferior articles, this being one of the characteristics of unscrupulous traders. While the defendant had the undoubted right to praise his own wares, he had no right to single out the plaintiff, and not only denounce his wares, but, in connection therewith, impugn his business integrity. Such a publication could have but one purpose, namely, to injure the plaintiff in his business, and it is, therefore, clearly libelous per se. Fowles v. Bowen, 30 N. Y. 20; Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127.; Chenery v. Goodrich, 98 Mass. 224; Mattice v. Wilcox, 71 Hun, 485, 24 N. Y. Supp. 1060, affirmed 147 N. Y. 624, 42 N. E. 270.

The plaintiff did not rest on the mere implication of malice, but went further, and proved threats by the defendant to do him injury, thus indicating the presence of actual malice, or, as it is generally called, "malice in fact." The defendant had no monopoly of the name "Davey," and other members of the family might lawfully use it. Faber v. Faber, 49 Barb. 357; Meneely v. Meneely, 1 Hun, 367, affirmed 62 N. Y. 427; Helmbold v. Manufacturing Co., 53 How. Prac. 453; Scott Stamp & Coin Co. v. J. W. Scott Co. (Super. N. Y.) 15 N. Y. Supp. 325. There was room enough in the neighborhood for two of that name, even in the grocery and tea business. The circular clearly points to the plaintiff and his store as the object of attack, and, if there could be any possible question as to that, it is removed by the evidence. Van Ingen v. Publishing Co., 14 Misc. Rep. 326, 35 N. Y. Supp. 838; Griebel v. Printing Co., 8 App. Div. 450, 40 N. Y. Supp. 759; Palmer v. Bennett, 83 Hun, 220, 31 N. Y. Supp. 567. But the fact was so manifest that any point in respect thereto was waived at the trial.

The plea that the defendant did not personally write the manuscript of the circular, or put it in the hands of the printer, is of no consequence, in view of the finding of the jury that it was published by his approval; and the evidence amply sustains the finding. The distinction between responsibility for acts of agents of merchants, and for those of employés of a public newspaper who make publications in the performance of a duty enjoined on them by their principal, was clearly pointed out in the charge. Express Co. v. Fitzner, 59 Miss. 581.

The rule is that "the amount of damages in an action for libel is peculiarly within the province of the jury. The jury may give nominal damages, or damages to a greater or less amount, as they shall determine. The jury may accord damages which are merely compensatory, or damages beyond mere compensation, called 'punitive' or 'vindictive' damages, by way of example or punishment, when, in their judgment, the defendant was incited by actual malice, or acted wantonly or recklessly in making the defamatory charge." Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409; Warner v. Publishing Co., 132 N. Y. 185, 30 N. E. 393; Karwowski v. Pitass, 20 App. Div. 118, 46 N. Y. Supp. 691. Indeed, the amount of damages rested largely in the discretion of the jury, who had the right, in addition to awarding compensation, to inflict damages for example's sake. Sedg. Dam. (8th Ed.) §§ 351, 352, 357; 3 Suth. Dam. 643. The defendant is a well-known merchant,

having a large number of stores in different parts of the city, and his business position was such as to give great weight to his publications, particularly one concerning his brother, with whose character and business methods he was supposed to be entirely familiar. The finding in favor of the plaintiff is amply supported.

The only question is whether the jury were guided by a sound discretion as to the damages, which they assessed at $3,250; and in this regard the verdict is open to inspection and revision by the court. Though there is no fixed measure of damages applicable, as they must vary to suit the circumstances of each case, they ought to be reasonably proportionate to the injury done. Newell, Defam. (2d Ed.) 910 et seq. The plaintiff's store was an inexpensive place, and $1,500 would be full compensation for any pecuniary loss entailed, and at the same time ample punishment for the wrong, which, after all considered, consists of the defendant's malicious purpose more than anything else. The motion for a new trial will, therefore, be granted, unless within 10 days the plaintiff files a stipulation waiving the excess of damages over $1,500, in which case the motion will be denied. Potter v. Thompson, 22 Barb. 87; Sears v. Conover, 4 Abb. Dec. 179; Diblin v. Murphy, 3 Sandf. Ch. 19; Collins v. Railroad Co., 12 Barb. 492; Clapp v. Railroad Co., 19 Barb. 461.

So ordered.